UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. HERBERT,<br><br>                Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. C17-1168JLR<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND |

## I. INTRODUCTION

Before the court are (1) Defendant United States' motion to dismiss Plaintiff Anthony G. Herbert's complaint (MTD (Dkt. # 6)); and (2) Mr. Herbert's motion for leave to file a Federal Tort Claim (Mot. (Dkt. # 9)). The court has considered the motions, the balance of the record, and the applicable law. Being fully advised, the court GRANTS the United States' motion to dismiss, DISMISSES Mr. Herbert's complaint without prejudice, and DENIES Mr. Herbert's motion for leave to amend his complaint.

## II. BACKGROUND

On July 10, 2017, Mr. Herbert filed a complaint in the Snohomish County Superior Court alleging several counts of medical negligence against various employees of the Community Health Clinic of Snohomish County ("CHC"). (Compl. (Dkt. # 1-1) at 2-3.) The action was removed to federal court (*see* Not. of Rem. (Dkt. # 1)), and, pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted as the party defendant (*see* Not. of Substitution (Dkt. # 4)). The action proceeded under the authority of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). (*See id.* at 2.)

The United States then moved to dismiss the action for lack of subject matter jurisdiction. (MTD at 1-2.) It argued that Mr. Herbert "had not administratively exhausted his claim because he has not filed an administrative tort claim with [the United States Department of Health and Human Services ("HHS")]." (*Id.* at 3.) Accordingly, his FTCA complaint must be dismissed. (*Id.* at 3 (citing *McNeil v. United States*, 508 U.S. 206 (1993).) Mr. Herbert filed a response, in which he stated that he was "unaware that CHC was a federally funded clinic" and argued that his complaint should not be dismissed because "he has alleged factual incidents that occurred at the CHC dental clinic which caused him harm" and because "[d]ismissing this case would allow the defendants to go free." (MTD Resp. (Dkt. # 10) at 2.)

Mr. Herbert also filed a motion for leave to file a claim under the FTCA. (*See generally* Mot.) He states that the court should "allow pro se litigants an opportunity to cure deficiencies in their papers and filings when it is determined that there is a legitimate non-frivolous case." (*See id.* at 2.) Mr. Herbert recognizes that he must "first file a tort

1 claim pursuant to the [f]ederal [r]ules," but requests that the court grant leave to amend to cure this deficiency. (*Id.* at 3.)

### III. ANALYSIS

**A. United States' Motion to Dismiss**

The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, the FTCA provides: "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). Failure of an agency to make final disposition of a claim within six months is deemed to be a final denial of the claim. *Id.* "The requirement of an administrative claim is jurisdictional." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). "Because the requirement is jurisdictional, it must be strictly adhered to." *Id.* "This is particularly so since the FTCA waives sovereign immunity." *Id.*

Mr. Herbert did not file an administrative tort claim with HHS—the appropriate agency in this case—before filing suit in court. (*See* Torres Decl. (Dkt. # 7) ¶¶ 2-4.) As such, he failed to exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a). For this reason, the court GRANTS the United States' motion to dismiss for lack of subject matter jurisdiction. *See Brady*, 211 F.3d at 502.

//
//

**B.      Mr. Herbert's Motion for Leave to Amend**

Mr. Herbert asks the court's permission to cure the deficiency in his complaint. (Mot. at 2-3.)  The court construes Mr. Herbert's motion as requesting leave to amend his complaint.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  "In general, a court should liberally allow a party to amend its pleading."  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see* Fed. R. Civ. P. 15(a).  Dismissal without leave to amend is proper, however, if any amendment would be futile.  *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1117 ("[D]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

Here, Mr. Herbert's complaint cannot be saved by any amendment.  *See Robinson v. Geithner*, 359 F. App'x 726, 728-30 (9th Cir. 2009) (finding that leave to amend would be futile because no amendment could cure the fact that the plaintiff had not exhausted his administrative remedies).  As discussed above, Mr. Herbert failed to exhaust his administrative remedies; no amendment at this time would cure this deficiency.  *See* 28 U.S.C. § 2675(a).  Therefore, the court DENIES Mr. Herbert's motion for leave.

//

//

//

//

//

//

## IV. CONCLUSION

For the reasons stated above, the court GRANTS the United States' motion to dismiss (Dkt. # 6), DISMISSES the present action without prejudice, and DENIES Mr. Herbert's motion for leave to amend (Dkt. # 9).

Dated this 27th day of September, 2017.

JAMES L. ROBART
United States District Judge